UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PRESTON PEARSON, :
:
      Petitioner, : Civ. No. 16-1860 (RBK)
:
v. :
:
WARDEN J. HOLLINGSWORTH, : **OPINION**
:
      Respondent. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner, Preston Pearson, is currently an inmate incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, this Court will transfer this habeas petition to the United States District Court for the District of Columbia.

## II.    BACKGROUND

This Court received petitioner's habeas petition in April, 2016. Petitioner challenges his 2009 judgment and conviction from the District of Columbia Superior Court for second degree murder. Petitioner received a sentence of 120 months. Petitioner raises several claims in this habeas petition related to that 2009 District of Columbia Superior Court judgment and conviction; specifically: (1) denial of counsel choice; (2) denial of an impartial jury; (3) prosecutorial misconduct; (4) improper suppression of exculpatory evidence; and (5) ineffective assistance of trial and appellate counsel.

## III.    STANDARD FOR *SUA SPONTE* REVIEW OF HABEAS PETITION

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir.2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir.2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV.  DISCUSSION

Because petitioner was convicted and sentenced in the District of Columbia Superior Court, he is considered a state prisoner. *See Morgan v. LaManna*, 150 F. App'x 145, 147 (3d Cir. 2005) (citing *Madley v. United States Parole Comm'n*, 278 F.3d 1306, 1309 (D.C. Cir. 2002)). Accordingly, as petitioner is clearly challenging the 2009 District of Columbia Superior Court judgment and conviction, he should bring this habeas action under 28 U.S.C. § 2254, not 28 U.S.C. § 2241. *See id.* (finding that a petitioner challenge to his sentence in the District of Columbia Superior Court make him a state prisoner whose only recourse for federal habeas relief is under § 2254); *see also Ganeous v. Zickefoose*, No. 14-0443, 2014 WL 2940583, at *3 (M.D. Pa. June 30, 2014) (collecting cases which hold that where petitioner is challenging a District of Columbia Superior Court conviction and sentence that habeas petition is correctly filed under § 2254, not § 2241).

Section 2241 provides in relevant part:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Nevertheless "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id.* Accordingly, Petitioner's original petition was properly filed in this district as he is confined at FCI Fort Dix, New Jersey, however, this Court retains the ability to transfer venue in the furtherance of justice.

Courts may transfer a habeas corpus action "for the convenience of parties and witnesses to any other district where it might have been brought." *Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (citing 28 U.S.C. § 1404(a); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493–94 (1973)). In making this determination, "a court may analyze factors such as where the material events occurred, where the records and witnesses are located, and the convenience of forum for both parties. The district in which sentencing and conviction occurred is favored because of the availability of evidence and witnesses." *Id.* (citing *Braden*, 410 U.S. at 493–94; *Henderson v. I.N.S.*, 157 F.3d 106, 128 n.25 (2d Cir. 1998)).

A transfer of venue in this case would be in the interests of justice as the original judgment and conviction did not occur in New Jersey. Indeed, the material events underlying this habeas petition occurred within the United States District for the District of Columbia as petitioner's conviction was obtained in the District of Columbia Superior Court. Additionally, records and witnesses pertaining to that conviction are also presumably located in the District of

3

Columbia. While this Court is mindful of the deference owed to petitioner's choice of forum, the deference is outweighed by the factors pointing towards the United States District Court for the District of Columbia as being the better forum. *See* 28 U.S.C. § 1404(a); *In re Nwanze*, 242 F.3d 521, 526 n.2 (3d Cir. 2001) ("[O]rdinarily a transfer of a [habeas] proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencings would be in the furtherance of the convenience of the parties and witnesses)."); *Ganeous*, 2014 WL 2940583, at *4-5 (transferring habeas petition challenging petitioner's District of Columbia judgment and conviction to United States District Court for the District of Columbia because of the convenience to the parties and witnesses as well as in the interests of justice). Therefore, this action will be transferred to the United States District Court for the District of Columbia. This Court expresses no opinion on the merits of petitioner's habeas petition.

## V.     CONCLUSION

For the foregoing reasons, the Clerk shall be ordered to transfer this action to the United States District Court for the District of Columbia. An appropriate Order will be entered.


DATED:  May  6,  2016                                s/Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge

4